839 So.2d 153 (2003)
Rosalie STERLING
v.
Andrew BERTHELOT.
No. 02-CA-921.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 2003.
*154 Carolyn Patrick, LaPlace, LA, for Rosalie Sterling, Plaintiff/Appellee.
Sidney W. Degan, III, Joel N. Terrebonne, Degan, Blanchard & Nash, New Orleans, LA, for Andrew Berthelot, Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY And WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Rosalie Sterling, is the owner of a certain portion of land located between Jack Street and Nutmeg Street in LaPlace, Louisiana. In 1957, a home was built on this property facing Jack Street, and a carport was later added to the house on the Nutmeg Street side of the property. Defendant, Andrew Berthelot, acquired the adjoining property on the Nutmeg Street side in 1995. In October of 2000, Berthelot caused a fence to be erected between plaintiff's property and Nutmeg Street, resulting in plaintiff's inability to access Nutmeg Street from her home.
Plaintiff brought this possessory action against Berthelot seeking recognition of her uninterrupted possession of a certain strip of land located between her carport and Nutmeg Street. She further sought injunctive relief preventing Berthelot from continuing to block access to her property from Nutmeg Street, and she prayed for damages she sustained as a result of the erection of the fence. Alternatively, plaintiff sought ownership of the disputed property under the doctrine of acquisitive prescription or recognition of an apparent servitude of use over the land between her property and Nutmeg Street.
Defendant, Andrew Berthelot, answered this suit admitting ownership of the disputed tract of land, and further stating that he constructed the fence lawfully on his own property without encroachment on plaintiff's property. Thereafter, defendant brought a motion for summary judgment on the basis that Nutmeg Street was completely enclosed by the property he owns, and that as plaintiff's property does not border Nutmeg Street, she had no legal right of access thereto. The trial court entered a partial summary judgment in defendant's favor finding that plaintiff failed to acquire a servitude of use by acquisitive prescription, but that issues of fact remained as to plaintiff's claim of ownership of the property by acquisitive prescription.[1]
The matter proceeded to a bench trial on February 25, 2002. The trial court entered judgment in favor of plaintiff on March 25, 2002, recognizing plaintiff as the owner of the property in dispute and recognizing and maintaining her right to possession. The court further ordered defendant to remove the fence from the *155 property, and also awarded plaintiff damages in the amount of $3,000.00.
Defendant now suspensively appeals from this judgment on the basis of several assignments of error. For the reasons stated more fully herein, we affirm the trial court's judgment.
In its reasons for judgment, the trial court determined that plaintiff's lawsuit constituted both an action for acquisitive prescription and a possessory action. In ruling in favor of plaintiff in this matter, the trial court stated as follows:
The court finds that Mrs. Sterling has met her burden of proof as to each element in both actions. She enjoyed peaceable, uninterrupted, corporeal possession of the property for more than thirty years prior to both the disturbance in law (recordation of the sale of the property to Mr. Berthelot) and disturbance in fact (erection of the fence by Mr. Berthelot). Despite defendant's contentions otherwise, Mr. and Mrs. Sterling obviously exhibited an intent to possess when they constructed their home, and particularly, their carport, with access only by way of the disputed property.
Defendant contends on appeal that the trial judge was manifestly erroneous in ruling that plaintiff established possession of the claimed property and in ruling that plaintiff acquired title to the property by acquisitive prescription by way of intermittent use and access. Defendant also contends that the trial judge was manifestly erroneous in disregarding the expert testimony introduced at trial, and in awarding damages to plaintiff where the fence was constructed wholly within the boundary lines of his property.
La. C.C.P. art. 3658 provides the requisites for maintaining a possessory action:
(1) The possessor must prove that she had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) She must prove she had possession quietly and without interruption for more than a year immediately prior to the disturbance;
(3) The disturbance must be one in fact or law; and
(4) The possessory action must be instituted within one year of the disturbance.
Possession is defined as the detention or enjoyment of a corporeal thing, movable or immovable, than one holds or exercises by himself or by another who keeps or exercises it in his name. La. C.C. art. 3421. Possession is a matter of fact; nevertheless, one who has possessed a thing for over a year acquires the right to possess it. La. C.C. art. 3422. To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment over a thing. La. C.C. art. 3425.
Defendant contends that plaintiff failed to meet her burden of proving corporeal possession because plaintiff failed to introduce evidence of the alleged boundaries of the property she seeks to possess as in the case of Wagley v. Cross, 347 So.2d 859 (La.App. 3 Cir.1977). Specifically, defendant contends that plaintiff failed to fence the disputed property or otherwise mark the property to give notice to the public of the extent of possession.
Plaintiff admitted at trial that the area between her carport and Nutmeg Street that she used as a driveway was not paved or fenced in any way. She testified that while her husband was alive, he maintained the lawn in the area by mowing it *156 and using it as their front yard. She also stated that she and her husband drove over the area regularly with their vehicles, and that she used the property in this way until defendant built his fence blocking access to Nutmeg Street.
The evidence at trial also indicates that plaintiff's home was built with the only door facing Nutmeg Street. Although the house faced Jack Street, there was no access into the house from that street. Further, when the Sterlings built a carport onto the house, use of the carport required access to Nutmeg Street and could not be entered from Jack Street. The photographs introduced by plaintiff at trial of the subject property are compelling evidence that vehicular access to the house and adjoining carport was completely dependent on access to Nutmeg Street.
Further, the record indicates that the property in question is located in a semi-rural area of LaPlace. The area is mostly undeveloped, and the majority of the property in that area remains unfenced. Thus, the absence of a fence does not preclude a finding of possession of the property.
Under the circumstances presented here, we conclude that the record supports the trial court's factual determinations that plaintiff exercised possession the disputed strip of land by using it as a driveway and the only means of vehicular access to and from her property. Absent manifest error, we find no basis to disturb the factual findings of the trial court which were well within her discretion.
Defendant next contends that that the trial court erred in disregarding the testimony of Joseph Ruello, a surveyor who was accepted as an expert at trial. Ruello testified that in 1986, he conducted a survey of the disputed property prior to its sale to Berthelot, and that he failed to note on the survey any improvements to or encroachments on the property at that time. Defendant argues that this testimony was entitled to great weight, as it was the only testimony offered at trial on the issue.
However, the testimony of Mr. Ruello was not inconsistent with the trial court's factual findings that Mrs. Sterling and her husband possessed the property as a driveway during the time they lived in the house. Although Mr. Ruello testified that he did not note any improvements to the property, Mrs. Sterling admitted at trial that the driveway had not been improved by paving or shells, nor had the area been enclosed by a fence. Mr. Ruello testified that he would not necessarily have noted as an improvement a piece of land that someone used as a driveway. Nevertheless, the evidence presented at trial clearly supports the trial court's finding that the disputed strip of land was used regularly and consistently by the Sterlings as the only means of access to their home. We find no manifest error in the trial court's consideration of the testimony of Mr. Ruello.
Defendant also contends that the trial court was manifestly erroneous in determining that plaintiff acquired ownership of the disputed property by acquisitive prescription where plaintiff's use and access to the property were intermittent. However, the record fails to support defendant's argument that use of the property was intermittent. Mrs. Sterling and her niece, Ms. Batiste, testified that the family used the strip of land daily as their driveway and the only means of access to the house.
Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith. La. C.C. art. 3486. As we previously stated, the record amply supports the trial court's *157 factual determination that plaintiff possessed the disputed portion of land by using it as a driveway on a daily basis where the area provided the only means of vehicular access to the house. Testimony at trial revealed that plaintiff and her husband maintained this possession from the time their house was built in 1957, and we find no manifest error in the trial court's determination that plaintiff met her burden of proving she acquired the strip of land by the prescription of thirty years.
Finally, defendant contends that the trial court erred in awarding damages in this case where the fence was constructed completely within the boundaries of defendant's property. In its reasons for judgment, the trial court stated:
As to damages, had this been a matter of a fence that did not really interfere with the use of the property, the court would find no damages due. However, Mr. Berthelot had to have known that the erection of his fence prevented the elderly Mrs. Sterling from accessing her driveway because this fact was obvious from the photographs submitted. The court finds that Mrs. Sterling is entitled to damages for the erection of the fence which seriously interfered with the enjoyment of her property for seventeen months.
We have carefully reviewed the record in this matter, including the testimony and evidence presented at trial. Mrs. Sterling testified that the access to her property from Nutmeg Street was the only entrance to her home she ever had until the construction of the fence. The photographs of the property that were submitted into evidence show that the fence was placed only a few feet from the rear of plaintiff's home and completely obstructed Mrs. Sterling's use of her carport. It is apparent from the photographs that the strip of land was being used as a driveway to gain access to the carport where the only door into the home was also located. Under the circumstances presented here, we find no manifest error of the trial court in awarding plaintiff damages for the inconvenience she sustained as a result of construction of the fence.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Andrew Berthelot is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] The trial court also converted plaintiff's action for a possessory action to a petitory action based on defendant's admission in his answer that he held the title to the property. However, defendant filed a motion for new trial from this finding. The trial court granted the motion for new trial and vacated that portion of the summary judgment which converted the case to a petitory action.